IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN PINEDA<br><br>individually and on behalf of other similarly situated employees and former employees of Defendants,<br>   Plaintiff(s),<br><br>vs.<br><br><br><br>SHARP MEXICAN INC.,<br>SHARP MEXICAN PARTNERS LP d/b/a<br>MANNY'S UPTOWN TEX-MEX RESTAURANTE,<br>ROBERT SHARP and EVAN L. SHAW<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§CIVIL ACTION NO:_____<br>§JURY<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

JUAN PINEDA, ("Plaintiff"), files this Original Complaint, individually and on behalf of other similarly situated employees and former employees of Defendants, complaining of SHARP MEXICAN INC., SHARP MEXICAN PARTNERS LP d/b/a MANNY'S UPTOWN TEX-MEX RESTAURANTE, ROBERT SHARP, and EVAN L. SHAW, (collectively "Defendants" or "Manny's") and would respectfully show the following:

**PARTIES**

1. Plaintiff, JUAN PINEDA ("PINEDA"), is an individual residing in Dallas, Dallas County, Texas, who files this lawsuit on his behalf and on behalf of other similarly situated employees and former employees of Defendants who may subsequently opt into this lawsuit.

1

2. Defendant, SHARP MEXICAN PARTNERS LP ("MANNY'S"), is a Texas Domestic Limited Partnership, with its principal place of business in Dallas County, Texas. SHARP MEXICAN PARTNERS LP does business as Manny's Uptown Tex-Mex Restaurante, and may be served with a copy of this Complaint by serving its registered agent Evan L. Shaw, at 2723 Fairmount, Dallas, Texas 75201.  At all times relevant to this suit, SHARP MEXICAN PARTNERS LP d/b/a Manny's Uptown Tex-Mex Restaurante was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r) and (s) in that it had annual revenues in excess of $500,000 each year during the period of 2/18/17 to the present, and its employees (including Plaintiff) handle and sell goods that have been moved in or been produced for commerce such as food items and beverages.  29 U.S.C. § 203(s)(1).

3. Defendant, SHARP MEXICAN INC. ("SHARP MEXICAN INC."), is a Texas Domestic Corporation, with its principal place of business in Dallas County, Texas.  SHARP MEXICAN INC. may be served with a copy of this Complaint by serving its registered agent Evan L. Shaw, at 2723 Fairmount, Dallas, Texas 75201.  At all times relevant to this suit, SHARP MEXICAN INC.,  was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r) and (s) in that it had annual revenues in excess of $500,000 each year during the period of 2/18/17 to the present, and its employees (including Plaintiff) handle and sell goods that have been moved in or been produced for commerce such as food items and beverages.  29 U.S.C. § 203(s)(1).

4. Defendant, ROBERT SHARP ("SHARP"), is an individual residing in Dallas, Dallas County, Texas. Defendant may be served with a copy of this Complaint by serving him at his place of residence 3226 Daniel Avenue, Dallas, Texas, 75204.

5. Defendant EVAN L. SHAW ("SHAW"), is an individual residing in Dallas, Dallas County, Texas. Defendant may be served with a copy of this Complaint by serving him at his principal place of business 2723 Fairmount, Dallas, Texas 75201.

6. Defendants SHARP MEXICAN INC., SHARP MEXICAN PARTNERS LP, ROBERT SHARP, AND EVAN SHAW were Plaintiff's "employers" as that term is defined by Section 203(d) of the FLSA as they controlled Plaintiff's working conditions, pay rates, and policies that Plaintiff was required to comply with.

## VENUE

7. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district and Defendants have their principal place of business in this division and judicial district.

## JURISDICTION

8. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended.

## FACTUAL BACKGROUND

9. Plaintiff worked as a waiter at the Manny's restaurant located at 3521 Oak Grove, Dallas, Texas. Plaintiff was hired during the period of July 2016. In or around December 2019, he was transferred to Manny's restaurant in Heath, Texas located at 469 Laurence Dr, Heath, TX 75032. On or about February 8, 2020, Plaintiff resigned his employment.

10. As a waiter, Defendants paid Plaintiff, and other similarly situated employees a direct hourly wage of $2.13 per hour.

11. In addition to the direct hourly wage received from Defendants, Plaintiff received tips from restaurant patrons. At all times relevant to this lawsuit, Plaintiff and other

similarly situated employees were "tipped employees" as that term is defined by Section 203(m) of the FLSA.

12. In accordance with Defendants' mandatory policy or practice, Plaintiff and other tipped employees were permitted to keep some, but not all, of the tips they received from restaurant patrons. Rather, they were required to contribute an amount of their total sales to a tip pool from which other restaurant employees shared.

13. Defendants' tip pool did not meet the requirements of a valid tip pool under Section 203(m) of the FLSA because they failed to inform Plaintiff of their intention to take a "tip credit" against their minimum wage obligations and failed to inform Plaintiff of the provisions of Section 203(m) prior to taking the tip credit. Therefore, Defendants violated the tip credit requirements of Section 203(m) and the minimum wage provisions of the FLSA. As a result, Defendants forfeit the tip credit for each and every hour that Plaintiff and other similarly situated employees worked as tipped employee.

14. Further, Defendants deleted hundreds of hours worked by Plaintiff which resulted in Plaintiff not getting paid for all of the hours they worked. In doing so, Defendants violated the minimum and overtime wage provisions of the FLSA. Accordingly, Plaintiff and other similarly situated employees are entitled to recover the minimum wage ($7.25/hour) and/or overtime wage ($10.88/hour) for each and every hour they worked for Defendants and for which he and other similarly situated employees were not paid.

### VIOLATION OF THE FLSA

15. Plaintiff incorporates the factual allegations recited above.

16. Defendants' failure to give Plaintiff notice of the tip credit violated the FLSA. Accordingly, Defendants forfeit the tip credit (i.e. $5.12/hour for all hours worked up to 40 in a

work week and $5.76/hour for all overtime hours worked in excess of 40 each week) for all hours worked by Plaintiff during the period of 2/18/17 to the present.

17. Plaintiff is also entitled to the full minimum wage ($7.25/hour) for each and every "regular hour" worked each week when they did not receive compensation (i.e. when management deleted Plaintiff's time and is entitled to the full overtime wage ($10.88/hour) for each and every "overtime hour" worked each week when he did not receive compensation.

18. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe Plaintiff was exempt under the FLSA or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Plaintiff and other similarly situated employees all hours worked in accordance with the requirements of the FLSA.

19. Plaintiff seeks, and is entitled to, a recovery of liquidated damages in an amount equal to the amount of unpaid wages owed to them under the FLSA.

## ATTORNEY'S FEES

20. Defendants' refusal to abide by their statutory obligations to Plaintiff has made it necessary for Plaintiff, and others similarly situated, to employ the undersigned attorneys to file this lawsuit. As such, Plaintiff request the Court to award a reasonable fee, pursuant to the FLSA, for their attorneys' services rendered, and to be rendered herein, as well as expenses and court costs.

## JURY DEMAND

21. Plaintiff and other similarly situated opt-ins demand a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, awarding him and other similarly situated Plaintiffs:

(a) the difference between the amount that Defendants paid Plaintiff as a direct hourly wage (i.e. $2.13/hour) and the full statutory minimum wage (i.e. $7.25/hour) – or $5.12/hour for all hours worked by Plaintiff up to forty (40) in a workweek;

(b) the difference between the amount that Defendants paid Plaintiff as a direct overtime hourly wage (i.e. $5.76/hour) and the full statutory overtime rate of pay (i.e. $10.88/hour) – or $5.12/hour for all hours worked by Plaintiffs in excess of forty (40) per workweek;

(c) the full minimum wage ($7.25/hour) and/or the full overtime wage (i.e. $10.88/hour) for all hours worked by Plaintiff for which he and other similarly situated employees were not paid by Defendants;

(d) an amount equal to the unpaid wages owed to each Plaintiff as "liquidated damages;"

(d) Plaintiff's reasonable and necessary attorney's fees, costs, and expenses;

(e) post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff(s) may be justly entitled.

Respectfully submitted,

**AI LEGAL GROUP, PLLC**

By: ___/s/ Rhoda Appiah-Boateng___
**Rhoda B. Appiah-Boateng**
State Bar No. 24049814
**Caroline A. Ibironke**
State Bar No. 24050803
6060 North Central Expressway, Suite 560
Dallas, Texas 75206
Telephone: (866) 496-5015
Facsimile: (866) 496-5041
e-mail: rhoda@ailegalgroup.com
e-mail: caroline@ailegalgroup.com
**ATTORNEYS FOR PLAINTIFF**

6